**SERVICE SCHOOLS FOUNDATION,**
Petitioner,

v.

**DISTRICT OF COLUMBIA,**
Respondent.

**Nos. 15212–15220.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 22, 1960.

Decided March 10, 1960.

Mr. Dean Hill Stanley, Washington, D. C., and Mr. George N. Craig, of the bar of the Supreme Court of Indiana, Brazil, Ind., pro hac vice, by special leave of court, for petitioner.

Mr. Robert E. McCally, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for respondent.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge.

The Tax Court of the District of Columbia held in its Decisions from which these petitions for review come to us that real estate taxes for the fiscal years 1958 and 1959, upon property owned by appellant on Biltmore Street, N. W., in the District of Columbia, were validly assessed. The taxes accordingly were affirmed.[1] In so deciding the Tax Court rejected the contention we are called up-

---

1. In an earlier decision, Service Schools Foundation v. District of Columbia, 102 U.S.App.D.C. 132, 251 F.2d 373, we affirmed an assessment of real property taxes against petitioner for the fiscal year 1957, limiting ourselves, however, to the factual situation as it existed on July 1, 1956, and disregarding certain amendments to the charter and by-laws made thereafter because they were not relevant to the fiscal year in question.

**518**

on to consider, namely, that the property comes within 47 D.C.Code, § 801a(j) (1951), exempting,

"Buildings belonging to and operated by schools, colleges, or universities which are not organized or operated for private gain, and which embrace the generally recognized relationship of teacher and student."

Complementing this exemption provision are the following terms of 47 D.C. Code, § 801a(r) (1) (1951):

"Grounds belonging to and reasonably required and actually used for the carrying on of the activities and purposes of any institution or organization entitled to exemption under the provisions of sections 47–801a to 47–801f."

▮ Petitioner is a District of Columbia corporation. A principal purpose of the corporation is the conduct of a school for the preparation of young men for entrance examinations to military academies of the United States and to afford the students training for a successful career in the Military and Naval Services of the United States. The certificate of incorporation provides that no part of the net earnings of the corporation shall inure to the benefit of any private individual, provided, however, this shall not prevent payment of reasonable compensation for services rendered or the award of scholarships and prizes. Petitioner was organized by Robert E. M. Goolsby, his wife Ruth, and Robert Goolsby's mother, the late Frances M. Goolsby. The husband and wife remain trustees at this time.

It is accurate to say from the evidence that Mr. and Mrs. Goolsby, with the help of the mother of Mr. Goolsby to a degree, built up the school over the years, with increasing size, stability and success. The amounts paid to Mr. Goolsby and others as compensation for services have not been found by the Tax Court, and are not found by us, to be unreasonable or to constitute in any manner operation of the school for private gain.

The Tax Court nevertheless disallowed the exemption because of the power of control vested in Mr. and Mrs. Goolsby by the certificate of incorporation and the by-laws which were amended October 24, 1956, and October 31, 1956, respectively. Paragraph Sixth of the amended certificate of incorporation, which was shortly thereafter incorporated in the by-laws, provides that if for any reason the Board of Trustees determines not to continue the school, then, in order to carry out the corporate purposes, the assets of the corporation should be sold for such price and on such terms as might be fixed by the trustees, and that after payment of corporate obligations the balance of such proceeds should be paid over as follows: each person who has at any time contributed money or property to the corporation may have the right to designate a school, college, university or educational foundation or fund, which is not organized or operated for private gain, to receive such portion of the proceeds as bears the same ratio to the entire assets of the corporation as the amount of money or property which such donor has contributed to the corporation bears to the amount contributed by all donors. The designation may be made in the will of the donor. Any portion of the proceeds for which designation has not been made shall be distributed to such institutions, so organized, as the Board of Trustees may direct. In any such distribution the certificate of incorporation provides that Robert E. M. Goolsby and his wife Ruth shall be entitled to be taken and considered as each having designated $40,000, and no donor shall be considered to have donated less than $1,000.

The Tax Court construed this provision quite correctly we think, in view of the overall factual situation, as placing control of the future of the institution in the hands of Mr. and Mrs. Goolsby. From this the Tax Court also concluded that the corporation was organized or operated for private gain. With this latter conclusion we find ourselves in disagreement with the Tax Court. The

control thus granted to individuals was limited in its character so that the assets subject to such control could be used only for the designation of a school, college, university or fund not organized or operated for private gain. This power to direct the use of the assets, not for private gain, is not itself private gain in the sense used in the exemption statute. It is not economic private gain so long as the provisions of the certificate of incorporation and the by-laws are adhered to. Control is given in a manner which precludes private gain. This control is designed to bring about the use of the assets for educational or other purposes consistent with the exemption statute. On this branch of the case, therefore, we hold, consistently with District of Columbia v. Mount Vernon Seminary, 69 App.D.C. 251, 100 F.2d 116, that insofar as the organizational characteristics of the corporation are concerned, private gain which precludes the exemption is economic gain which may be realized by an individual or stockholder but does not include control of assets in a manner to channel them into an enterprise, after dissolution of the existing one, of a non-private-gain character.

 Although for the above reasons the corporation is not one "organized" for private gain, there are respects in which it may be that petitioner, during either or both the pertinent years, was in fact "operated" for private gain, and for that reason is not entitled to the exemption. We intend no intimation of our view on whether the evidence would sustain a finding that the school was operated for private gain. No findings having been made on this issue, we have nothing to review. We refer, however, to two unresolved matters in this connection:

(1) Mr. Goolsby on April 17, 1946, paid $6,000 to Paul W. Puhl for the exclusive rights to the name "Columbian Preparatory School," under which name petitioner conducted its activities as an educational institution. On May 4, 1946, the trustees of petitioner, at a meeting attended by Mr. and Mrs. Goolsby as the only trustees, accepted the offer of Mr. Goolsby to avail itself of all the privileges and rights acquired by him, including the exclusive right to the name Columbian Preparatory School, so long as the corporation retained him as headmaster of the Columbian Preparatory School. On January 14, 1958, Mr. Goolsby conveyed and assigned to petitioner for $13,500 all such rights in the name. During the period between the acquisition of the name in 1946 and its sale to petitioner in 1958, the school had been operated under the name referred to. This use of the name by the school for twelve years appears to have been the reason for its increase in value. Mr. Goolsby thus appears to have received an increment in value of $7,500, due to the operation of petitioner.

(2) On January 14, 1958, petitioner sold a part of its property described as No. 814 in Square 2549 to Mr. Goolsby. This sale appears to have been financed in the following manner: The purchase price was $25,000. Mr. Goolsby paid for it by (a) a promissory note in amount of $18,400, which was originally made by the School to Mr. Goolsby's mother's estate on January 1, 1955, shortly after her death, and which was cancelled and made out to Mr. Goolsby on January 1, 1956; (b) unpaid salary owed by the School to Mr. Goolsby in amount of $5,000; and (c) sale of a Volkswagen in amount of $1,600 to the School by Mr. Goolsby (J. A. 58–61). Mr. Goolsby was to rent the premises to the School on condition that the School pay off the then existing incumbrance of $14,741.95. Payments made by the School on the incumbrance were to be credited upon amounts owed by the School to Mr. Goolsby.

The two matters referred to, namely, the sale of the name to petitioner at a profit to Mr. Goolsby, in the circumstances indicated, and the sale to him of the real property referred to, also in the circumstances indicated, and the absence of findings with respect to these issues, leave open the question whether the school has been in fact and in law operated during either or both the pertinent

years for private gain. Since the Tax Court, however, did not reach this question, having denied the exemption, as we have seen, on other grounds, we are reluctant ourselves to pass upon it initially, without the benefit of the consideration, findings and decision of the Tax Court in the first instance.

We accordingly vacate the action of the Tax Court denying the exemption and affirming the taxes and remand the case to that court for further proceedings not inconsistent with this opinion.

Reversed and remanded.